IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT McBRIDE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION CHALLENGING SUBJECT MATTER JURISDICTION<br><br>Case No. 2:11-CR-923 TS |

This matter is before the Court on Defendant's Motion Challenging Subject Matter Jurisdiction. For the reasons discussed below, the Court will recharacterize the Motion as a motion under 28 U.S.C. § 2255, and will deny the Motion.

I. BACKGROUND

On November 2, 2011, Defendant was charged with production of child pornography and possession of child pornography. Defendant pleaded guilty to possession of child pornography on February 14, 2012. On June 20, 2012, Defendant was sentenced to 120 months in Bureau of Prisons custody. No direct appeal was filed.

1

On August 14, 2013, Defendant filed his Motion Challenging Subject Matter Jurisdiction. In his Motion, Defendant argues that he is actually innocent and that the government failed to establish the requisite jurisdictional nexus to provide this Court subject matter jurisdiction. Because his Motion attacks the validity of his conviction, the Court construes this as a Motion under 28 U.S.C. § 2255.[1]

## II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[2] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 Motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the recharacterization will not prejudice Defendant because the deadline for filing a § 2255 motion expired prior to the filing of this Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).

[2] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

Judgment was entered in this case on June 25, 2012. Defendant did not file a direct appeal. Petitioner's conviction thus became final when the time to file a direct appeal expired.[3] Under Federal Rule of Appellate Procedure 4(b)(1)(a)(i), a notice of appeal had to be filed within 14 days after entry of judgment. In this case, July 9, 2012. Defendant then had one year to file a § 2255 Motion. Defendant's Motion was not filed until August 14, 2013. Therefore, Defendant's Motion is time barred.

The limitations period set out in § 2255(f) is subject to equitable tolling. The Tenth Circuit has recognized actual innocence as a basis for equitable tolling.[4] In the instant Motion, Defendant argues that he is actually innocent based on a recent case from the Tenth Circuit Court of Appeals.

Defendant's actual innocence claim is premised on *United States v. Strum.*[5] *Strum* concerned an analysis of the jurisdictional component of a number of child pornography statutes. The defendants argued that the government could not "prove the interstate commerce element of the crimes charged unless it presents evidence the specific digital images they possessed, received, and/or distributed traveled in interstate or foreign commerce."[6] The Tenth Circuit disagreed, holding that "the Government may satisfy the jurisdictional element of each of the

---

[3]*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

[4]*United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

[5]672 F.3d 891 (10th Cir. 2012).

[6]*Id*. at 892.

statutes at issue if it presents evidence that the substantive content of the images has, at some point, traveled in interstate or foreign commerce."[7]

Defendant argues that the visual depictions at issue in his case were the product of intrastate, rather than interstate, commerce. Defendant asserts that the images were produced exclusively in Utah and the images never traveled out of the state. As a result, Defendant argues that the government failed to meet its burden as to the jurisdictional element.

Defendant's argument must be rejected. Defendant was charged, not only with "knowingly possess[ing] any matter containing one or more images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer" but also with possessing such an image "that was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means."[8] Even if the Court accepts Defendant's argument concerning the first prong of 18 U.S.C. § 2252A(a)(5)(B), there is ample evidence under the second prong.

Defendant admitted that he possessed images of child pornography, including depictions that he took with his phone of himself and a 14 year old girl engaged in sexual intercourse. Defendant also admitted to possessing images of child pornography, consisting of images of the genitalia of another 14 year old girl. Defendant admitted that these images were produced with materials from interstate commerce. This information was sufficient to supply the requisite jurisdiction nexus, specifically that the images were produced using materials that had been

---

[7]*Id*.

[8]Docket No. 1 (citing 18 U.S.C. § 2252A(a)(5)(B)).

mailed, shipped, and transported in interstate and foreign commerce. Therefore, Defendant's actual innocence claim fails and Defendant's Motion must be dismissed as an untimely § 2255 motion.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion Challenging Subject Matter Jurisdiction (Docket No. 43) is DENIED.

DATED   September 23, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge